UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:22-CR-00010-HAB-SLC |
| ) | |
| KENDRICK D BATES and ) | |
| JACOB M. BELCHER, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter comes before the Court on the Government Motion to Continue Trial (ECF No. 86) (the "Motion"), filed on September 19, 2023. The four-day jury trial of this matter is set to commence on October 17, 2023. Although Defendant Kenrick Bates ("Bates") objects to the Government's motion, the Government's request is based on the unavailability of FBI Task Force Officer ("TFO") Jack Cain who they contend is an "essential witness."[1] This Court concludes that he is and will continue the trial.

On June 13, 2023, this Court granted Defendant Jacob Belcher's ("Belcher") Motion to Continue Trial and set this matter for a four-day trial beginning on October 17, 2023. (ECF No. 81). According to the Motion, the trial date conflicts with the schedule of TFO Cain, who "will be out of state making him absent and unavailable for trial." (ECF No. 86 at 3). TFO Cain will be over 500 miles away from the courthouse as a chaperone for a school trip—with travel arrangements and payment made well in advance. (*Id.* at 3-4). The Government contends TFO Cain is an essential government witness in that he was the sole investigator who observed

---

[1] The Court notes that to accommodate Bates, the Government discussed the possibility of stipulating to TFO Cain's testimony in order to avoid its request for a continuance. Bates refused. (ECF No. 86 at 1).

Defendant Bates and his vehicle during several drug transactions. (*Id*. at 2-3). Additionally, TFO Cain participated in the search of an alleged stash house where he located a box with multiple bottles of a cutting agent for methamphetamine. (*Id*. at 2). As a result, the Government claims that a continuance is proper under 18 U.S.C. § 3161(h)(3)(A) and (h)(7)(A).

The unavailability of an essential witness is grounds for a continuance and for excluding any delay from the Speedy Trial calculation. *See* 18 U.S.C. § 3161(h)(3)(A). The legislative history on the Speedy Trial Act indicates that an "essential witness" is "a witness so essential to the proceeding that continuation without the witness would either be impossible or would likely result in a miscarriage of justice. For example, a chemist who has identified narcotics in the defendant's possession would be an 'essential witness.'" *United States v. Marrero*, 705 F.2d 652, 656 (2nd Cir. 1983); quoting S.Rep. No. 1021, 93d Cong., 2d Sess. 37 (1974). An essential witness is considered "unavailable" when "his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial." 18 U.S.C. § 3161(h)(3)(B).

The Court concludes that TFO Cain is akin to the chemist described in the legislative history. Bates is charged with a violation of 21 U.S.C. § 841(a)(1). The Government must therefore prove that Bates (1) knowingly or intentionally possessed a substance, (2) the intent to distribute it, and (3) knowledge that the material was a controlled substance. 21 U.S.C. § 841(a)(1); *See also United States v. Brown*, 973 F.3d 667, 697-98 (7th Cir. 2020). TFO Cain's testimony goes directly to the second element. Since no individual other than TFO Cain can currently present his testimony, the Court concludes that he qualifies as an essential witness. *See also United States v. Allen*, 235 F.3d 482 (10th Cir. 2000) (finding that agent who would testify that the defendant's

weapon met the definition of a firearm was an essential witness). The Court also concludes that TFO Cain is unavailable for trial due to his pre-scheduled obligations as a chaperone.

While there may very well be situations where the Government could be compelled to produce a different agent to provide the necessary testimony with respect to the drug transactions, it is not this case here. The Government has demonstrated that it is entitled to a continuance and the Court accepts that TFO Cain is unavailable through October 22, 2023. Mindful of the speedy trial clock, the Court determines that a continuance until November 7, 2023 is warranted.

## CONCLUSION

For the foregoing reasons, the Government's Motion to Continue Trial (ECF No. 86) is GRANTED. All trial-related deadlines and hearing dates are VACATED. The final pretrial conference is RESET to October 24, 2023, at 12:00 PM before Chief Judge Holly A. Brady. Counsel only to appear. The four (4) day jury trial is RESET to begin on November 7, 2023, at 10:00 AM before Chief Judge Holly A. Brady. Any reports required under FRCP 16(a)(1)(G) must be exchanged on or before October 24, 2023. The deadline for parties to file a Plea Agreement is October 17, 2023. The deadline for parties to file pretrial motions or a motion to continue trial-related deadlines is October 10, 2023. A defense motion must include the appropriate reference to the Speedy Trial Act, the proposed length of any requested continuance, the position of the Government, an indication of agreement by the Defendant and the position of Co-Defendants.

SO ORDERED on September 20, 2023.

    s/ Holly A. Brady  
    JUDGE HOLLY A. BRADY  
    UNITED STATES DISTRICT COURT